UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

WALDEMAR REYMUNDI
VILLAREAL, et al,
  Plaintiffs,

v.

PEDRO BELTRAN RODRIGUEZ, et al,
  Defendants.

Civil No. 98-1784 (HL)

## OPINION AND ORDER

Before the Court are motions to dismiss for failure to state a claim filed by Defendants Juan Rosado Colón ("Rosado"), Frederick Sebastian Muñiz ("Sebastian"), and Jorge Luis Ortíz Vázquez ("Ortíz") in this action for damages pursuant to section 1983.[1] Rosado, Sebastian, and Ortíz are members of the Puerto Rico Police Department. Plaintiffs are Waldemar Reymundi Villareal ("Waldemar") and his parents Edwin Reymundi García and Lucila Villareal Ortíz. They also bring claims against Police Officer Pedro Beltrán Rodríguez ("Beltrán").[2] Plaintiffs claim violations of Waldemar's rights under the Fourth and Fourteenth Amendments, as well as violations of their rights under local law.

Plaintiffs allege that on July 10, 1997, there had been a violent bank robbery in Vega Baja, Puerto Rico. A few hours after the robbery, Waldemar was walking to his

---

[1] 42 U.S.C.A. § 1983 (West Supp. 1999).

[2] Plaintiffs also brought claims against Mariano Aponte and Confesor Morales Rodríguez. They too are police officers. In an order issued on this same date, the Court granted their motions to dismiss.



AO 72A
(Rev.8/82)

Civil No. 98-1784 (HL) 2

father's workshop in Vega Baja when he was picked up by the police and forced into a squad car. Presumably he was detained as a suspect in the bank robbery, although the police did not tell him why they had stopped him. Plaintiffs further claim that when Waldemar demanded an explanation, Beltrán, who was sitting next to him in the car, began to strike him; that Waldemar fled from the car; that the officers captured him and Beltrán continued to beat him while other officers stood by; and that he was then taken to the Vega Baja precinct station and confined. They also claim that he was denied medical assistance and that the officers had no probable cause or warrant for his arrest. Edwin Reymundi, Waldemar's father, attempted to intervene to assist his son but other officers prevented him from doing so.

The only specific allegations in the complaint which name Rosado, Sebastian, and Ortíz read as follows:

> Subsequent to [Waldemar's] illegal arrest, beating, and detention, officer Beltrán, officer Frederick Sebastian, officer Juan Rosado, Sgt. Jorge Ortíz and high ranking supervisors with the consent and approval of the precinct commander, and the Area Commander, plotted, contrived, and initiated a scheme to obtain an indictment against the plaintiffs Waldemar and Edwin Reymundi for an alleged aggression against he officers. Summons were issued to Waldemar and Edwin to appear before a Magistrate and at Bayamón district attorney offices. Their scheme sought to intimidate plaintiffs from exercising their right to redress.[3]

In their motion to dismiss, Rosado, Sebastian, and Ortíz claim that Plaintiffs have failed to state a claim, that they are protected by Eleventh Amendment immunity, and that they are

---

[3] Docket no. 1, at 4.

Civil No. 98-1784 (HL)                              3

entitled to qualified immunity. Plaintiffs have opposed the motions. For the reasons set forth below, the Court denies the motions to dismiss.

## DISCUSSION

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993); *Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir. 1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir. 1991). This deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996). The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).[4]

---

[4] In the past, the First Circuit had required that section 1983 claims meet a heightened level of specificity to survive a Rule 12(b)(6) motion. *See, e.g., The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989). The Supreme Court in *Leatherman*, however, rejected a heightened pleading standard for section 1983 claims, at least for claims against municipalities. *See* 507 U.S. at 167-69, 113 S.Ct. at 1163. In the wake of *Leatherman*, it was unclear whether the stricter standard of *Dartmouth Review*
(continued...)

Civil No. 98-1784 (HL)                              4

One of the Defendants' arguments is easily resolved. They argue that they are protected by Eleventh Amendment immunity. Plaintiffs, however, state in their complaint that they are bringing this claim against the Defendants in their personal capacities. The Eleventh Amendment protects state officials being sued in their official capacity for money damages. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Wilson v. Brown*, 889 F.2d 1195, 1197 (1st Cir. 1989). It does not protect them from suits against them in their personal capacity. *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999). Thus, in the present case Defendants are not shielded by the Eleventh Amendment.

Defendants also argue that the complaint fails to state a claim. While Plaintiffs' allegations regarding Rosado, Sebastian, and Ortíz are scant, they are sufficient to meet the minimum requirement for a claim that these three defendants participated in a plot to

---

[4](...continued)
was still applicable to any section 1983 claims.
   The First Circuit recently clarified that the heightened pleading standard of *Dartmouth Review* is still viable, at least in section 1983 cases where an improper motive by the state actor was an essential element of the plaintiff's claim. *See Judge v. City of Lowell*, 160 F.3d 67, 74-75 (1st Cir. 1998). Such cases would include claims of race and gender discrimination under the Equal Protection Clause; cruel and unusual punishment under the Eighth Amendment; adverse employment actions based on political affiliation under the First Amendment; and retaliation for exercising free speech or some other constitutional right. *See Crawford-El v. Britton*, 523 U.S. 574, __, 118 S.Ct. 1584, 1590, 140 L.Ed.2d 759 (1998).
   In the present case, none of Plaintiffs' claims are of the kind where a state actor's improper motive is an essential element. Therefore, the Court will not apply the heightened pleading standard in ruling on the motions to dismiss.

AO 72A
(Rev.8/82)

Civil No. 98-1784 (HL)                                        5

obtain contrived indictments against Waldemar and Edwin as part of a plan to intimidate these two plaintiffs. Such allegations could, if true, give rise to claims of an illegal arrest, *see Holland v. City of Portland*, 102 F.3d 6, 8-11 (1st Cir. 1996), and improper retaliation, *see Ferranti v. Moran*, 618 F.2d 888, 892 n.4 (1st Cir. 1980).

Lastly, Defendants argue that they are entitled to qualified immunity. The qualified immunity doctrine protects state officials from civil liability under section 1983 so long as their conduct does not violate a clearly established constitutional right of which a reasonable official would have been cognizant. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Ringuette v. City of Fall River*, 146 F.3d 1, 5 (1st Cir. 1998). At this stage of the proceedings, the Court must take as true Plaintiffs' allegations in their complaint. At the time of the incidents which give rise to the present cause of action, a reasonable person would have known that a plan to invent an arrest without probable cause of an individual in order to intimidate or retaliate against that individual would constitute a constitutional violation. *See Holland*, 102 F.3d at 8-11 (illegal arrest); *Rakovich v. Wade*, 850 F.2d 1180, 1189 (7th Cir. 1988) (retaliation); *Ferranti*, 618 F.2d at 892 n.4 (same); *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979) (same). Accordingly, the Court denies Defendants' request for qualified immunity. They may, of course, raise this issue again in a motion for summary judgment or at trial.

WHEREFORE, the Court denies the motions to dismiss filed by Rosado, Sebastian, and Ortíz (docket nos. 22 & 24). These Defendants shall file answers by **February 25,**

AO 72A
(Rev.8/82)

Civil No. 98-1784 (HL)            6

**2000**.

    **IT IS SO ORDERED.**

San Juan, Puerto Rico, February 2, 2000.

                                         HECTOR M. LAFFITTE
                                         Chief U.S. District Judge