# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

WALDEMAR RAIMUNDI VILLAREAL, et al,
  Plaintiffs,

v.                                                           Civil No. 98-1784 (HL)

PEDRO BELTRAN RODRIGUEZ, et al,
  Defendants.

## ORDER

Before the Court are Plaintiffs' motions (docket nos. 40 & 42) to compel the Puerto Rico Police Department to produce documents that they have requested through discovery in this case. Defendants are members of the Police Department. Plaintiffs claim, among other things, that Defendants used excessive force against Plaintiff Waldemar Reymundi Villareal, thereby violating his constitutional rights. They seek damages pursuant to 42 U.S.C. § 1983. The Police Department has opposed Plaintiffs' motions (docket no. 43). The materials requested in the motions are listed below:

1   *Copy of all reports, investigations, notes, and statements concerning the incidents that occurred on July 20, 1998, involving the defendants.*[1]

The Police Department argues that under Puerto Rico law, its internal administrative investigations are confidential. In cases involving claims of civil rights violations, federal courts should be wary of any privileges or other impediments to discovery created by state

---

[1] In their requests for discovery, Plaintiffs have sought the personnel, psychological, and psychiatric records of Mariano Aponte and Confesor Morales Rodríguez. These two individuals have been dismissed from the case. *See* docket no. 31. Accordingly, the request for any records of these two individuals is hereby denied.



AO 72A
(Rev.8/82)

Civil No. 98-1784 (HL)                                    2

lawmakers. *Mason v. Stock*, 869 F.Supp. 828, 832 (D.Kan. 1994); *King v. Conde*, 121 F.R.D. 180, 187-88 (E.D.N.Y. 1988). In federal question cases, the federal common law on privilege, rather than state law, applies to the question of whether materials are discoverable. *Torres v. Kuzniasz*, 936 F.Supp. 1201, 1207 (D.N.J. 1996). Generally, materials gathered pursuant to an internal police investigation of allegations of excessive force will be subject to discovery. *See Collins v. Mullins*, 170 F.R.D. 132, 135 (W.D.Va. 1996); *Mick v. Brewer*, 923 F.Supp. 181, 185 (D.Kan. 1996); *Mercy v. County of Suffolk*, 93 F.R.D. 520, 522-24 (E.D.N.Y. 1982). Therefore, the Police Department shall provide Plaintiffs with the information described in this request by **June 23, 2000**.

      2      *"Copy of any warning, administrative complaints or discipline note, memorandum or letter and/or order to courses in civil rights after the Waldemar Raimundi's case."*

The Court cites verbatim this somewhat garbled request. Because it is unclear what materials Plaintiffs are seeking, this request is denied without prejudice to renew. Plaintiffs shall have until **June 8, 2000**, to clarify and resubmit this request.

      3      *Copy of any record of psychological counseling or psychiatric reports of Defendants*

The Police Department argues that medical evaluations must be kept confidential under local law. The records from psychological evaluations of police officers may be discoverable in cases of excessive force. *See Kamper v. Gray*, 182 F.R.D. 597, 599-600

Civil No. 98-1784 (HL)                              3

(E.D.Mo. 1998); *Barrett v. Vojtas*, 182 F.R.D. 177, 180-81 (W.D.Pa. 1998); *Mueller v. Walker*, 124 F.R.D. 654, 659 (D.Or. 1989). The discoverability of these records will depend on such factors as whether the officer had an expectation that the evaluation would be confidential and whether the results of the evaluation were provided to third parties. *Scott v. Edinburg*, 2000 WL 559233, at *2-4 (N.D.Ill. May 8, 2000); *Speaker ex rel. Speaker v. County of San Bernardino*, 82 F.Supp.2d 1105, 1109-21 (C.D.Cal. 2000). In the present case, it is unclear what type of mental evaluation or counseling records the Police Department has for the Defendants. Without such information, the Court is unable to rule on their discoverability.

Accordingly, the Court orders the Police Department to file a motion by **June 23, 2000**, informing the Court of what type of psychological evaluations they may have for the Defendants. The Department need not inform the Court of the substance of these reports. Rather, the Department should state in its motion whether such reports exist and what type of evaluations were conducted. Depending on the nature of these records, the Court may order the Department to file sealed copies so that the Court may conduct an *in camera* review of the records before making a ruling. If the Department wishes to protect these records, it should file by June 23, 2000, a memorandum of law explaining why they should be protected. The memorandum should base its arguments on the relevant case law, including the cases cited above. The Department will have the burden of demonstrating that these records are privileged. *See Speaker*, 82 F.Supp.2d at 1108.

Civil No. 98-1784 (HL)                                4

    4    *Internal administrative procedures to track the conduct of individual members of the force who have had prior civil rights complaints.*

The Department shall provide Plaintiffs with this information by **June 23, 2000**.

    5    *Statistics kept by the Department on claims of civil rights violations brought against it*

In its opposition to the Plaintiffs' request for discovery, the Department states that it does not keep such records. Accordingly, this request is denied.

    6    *Personnel files of Defendants*

In determining whether a police officer's personnel files are subject to discovery, courts have developed balancing tests. Generally, a court will weigh the not inconsequential privacy concerns of the officer against the plaintiff's interest in discovering material for his civil rights claims. *See Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 435-36 (10th Cir. 1981); *Morrissey v. City of New York*, 171 F.R.D. 85, 92 (S.D.N.Y. 1997); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D.Cal. 1995). Oftentimes in civil rights cases, these files will be the plaintiff's only source for the information sought. *National Congress for Puerto Rican Rights v. City of New York*, 2000 WL 358385, at *6 (S.D.N.Y. April 7, 2000); *Soto*, 162 F.R.D. at 617. Additionally, the privacy rights of the officer can be protected by a protective order from the court limiting the access to the files and prohibiting any public disclosure of their contents. *Soto*, 162

Civil No. 98-1784 (HL)                                              5

F.R.D. at 617.

In the present case, the Department argues that the files should not be produced on the grounds that Puerto Rico law mandates that they be kept confidential. This local law, however, cannot prevent the discovery of these materials in a federal court case. *See Torres*, 936 F.Supp. at 1207; *Mason*, 869 F.Supp. at 832; *King*, 121 F.R.D. at 187-88. Thus, the Court must balance Defendants' privacy interests against Plaintiffs' interests in obtaining information to support their claim. The Court **orders** the Department to submit by **June 23, 2000,** under seal for *in camera* inspection those parts of the Defendants' personnel files which it feels should be protected from discovery. The Department should accompany this submission with a memorandum of law explaining why the balancing of interests mentioned above favors the protection of these records. If the memorandum discusses specific matters in the personnel files, it should also be submitted ex parte.

WHEREFORE, the Court grants in part and denies in part Plaintiffs' motions to compel.[2]

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 24, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge

---

[2] In the first motion they filed on this matter (docket no. 40), Plaintiffs also asked the Court to sanction the Police Department. That request is hereby denied.